99 F.3d 1158
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Don APPLEGATE and Gayle Applegate, et al., Petitioners.
 Misc. No. 477.
 United States Court of Appeals, Federal Circuit.
 Sept. 18, 1996.
 
 Before MICHEL, PLAGER, and RADER, Circuit Judges.
 ON PETITION FOR WRIT OF MANDAMUS
 ORDER
 RADER, Circuit Judge.
 
 
 1
 Don Applegate and Gayle Applegate et al. (the Applegates) petition for a writ of mandamus to direct Judge Miller of the United States Court of Federal Claims to recuse herself pursuant to 28 U.S.C. § 455(a) and RCFC 63(c).
 
 BACKGROUND
 
 2
 On June 14, 1993, Judge Miller dismissed the Applegates' complaint alleging a taking on the ground that it was barred by the applicable statute of limitations. On appeal, this court determined that the complaint was not barred because the landowners' claim did not accrue more than six years before its filing. We reversed and remanded for further proceedings. Applegate v. United States, 25 F.3d 1579 (Fed.Cir.1994). On June 11, 1996, the Applegates filed a motion for recusal and nine affidavits in support of the motion. Judge Miller denied the motion on July 10, 1996. The Applegates now petition this court for a writ of mandamus to direct Judge Miller to recuse herself from the case.
 
 DISCUSSION
 
 3
 "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). The remedy of mandamus is available to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired and that the right to issuance of the writ is "clear and indisputable." Allied Chem., 449 U.S. at 35.
 
 
 4
 The issue in the Applegates' petition is whether Judge Miller has exhibited a bias that requires her recusal pursuant to 28 U.S.C. § 455 and RCFC 63(b). Section 455 of 28 U.S.C. provides, in part:
 
 
 5
 (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
 
 
 6
 (b) He shall also disqualify himself in the following circumstances:
 
 
 7
 (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.
 
 
 8
 RCFC 63(b) states that "[a] judge shall withdraw from the case when required by 28 U.S.C. § 455, and, at any time, may withdraw from a case if otherwise such judge deems such judge disqualified by bias or prejudice."
 
 
 9
 The Applegates' basic argument is that they are unable to receive a fair trial because Judge Miller has exhibited hostility towards them and a bias in favor of the United States. The Applegates assert that various statements made by Judge Miller to counsel for the Applegates and certain rulings, including the imposition of monetary sanctions against the Applegates, indicate that her impartiality may reasonably be questioned in this case. Thus, the Applegates contend that it was "clear error" for Judge Miller not to recuse herself.
 
 
 10
 We determine that the Applegates are not entitled to mandamus. To prevail on a mandamus petition, the Applegates must convince us that their entitlement to a writ is "clear and indisputable." We have reviewed the orders and transcripts submitted by the Applegates and determine that the Applegates have not shown a clear and indisputable right to a writ. See Liteky v. United States, 114 S.Ct. 1147, 1157 (1994) (judicial rulings alone almost never constitute a valid basis for a bias or partiality motion). Further, judicial remarks that are critical, disapproving, or even hostile toward counsel or the parties do not support a bias challenge unless they reveal "such a high degree of favoritism or antagonism as to make fair judgment impossible." Id. While several of Judge Miller's statements clearly reflect her dissatisfaction with the conduct of counsel for the Applegates, the Applegates have not shown that these remarks reach the level of deep-seated and unequivocal antagonism that would render a fair trial impossible. See Liteky, 114 S.Ct. at 1158; Baldwin Hardware Corp. v. Franksu Enterprise Corp., 78 F.3d 550, 557-58 (Fed.Cir.1996) (bias exhibited against counsel merits recusal only when it results in material and identifiable harm to that party's case). Thus, we conclude that review by mandamus is not warranted. Allied Chem., 449 U.S. at 35.
 
 
 11
 Accordingly,
 
 IT IS ORDERED THAT:
 
 12
 The Applegates' petition for a writ of mandamus is denied.